UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO SANTANA,

Plaintiff,

-against-

EXODUS TRANSITIONAL COMMUNITY, INC., et al.

Defendants.

---

1:22-CV-2173 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Fernando Santana brings this *pro se* action under 42 U.S.C. § 1983, alleging that the defendants discriminated against him, failed to hire him, and ultimately, discharged him from the Exodus Transitional Hotel Program that operates at a Fairfield Inn and Suites by Mariott hotel ("the hotel"), in Long Island City, Queens County, New York. In addition to Exodus Transitional Community, Inc. ("Exodus"), Plaintiff names individual employees of Exodus, and perhaps, individual employees of the hotel, as defendants. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under the general venue provision, a federal civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. § 1391(c)(1), and any other entity with the capacity to sue and be sued,

if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," § 1391(c)(2).[1]

Plaintiff alleges facts showing that Exodus resides within this judicial district, but he alleges no facts showing where any of the other defendants reside. Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Plaintiff also alleges facts showing that, while some of the events giving rise to his claims occurred within New York County (Manhattan), within this judicial district, most of the events giving rise to his claims occurred at the hotel, in Long Island City, Queens County, within the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c). Thus, while this court may be a proper venue for Plaintiff's claims under Section 1391(b)(2), the United States District Court for the Eastern District of New York is also a proper venue for Plaintiff's claims under that provision.

Even if venue is proper here, however, the Court may transfer claims to another district court where they might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts &*

---

[1] With respect to a defendant that is a corporation:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

*Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events principally occurred, and relevant witnesses and documents are likely located, at the hotel, which is in Long Island City, Queens County, within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    March 22, 2022
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

4