UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Fernando Santana,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                            22-CV-01734 (DG) (RER)

   -against-

Exodus Transitional Community, Inc., *et al.*,

                Defendants.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        On March 15, 2022, Plaintiff Fernando Santana, proceeding *pro se*, commenced this action in the United States District Court for the Southern District of New York against Exodus Transitional Community, Inc. ("Exodus") and twelve individuals affiliated with Exodus (collectively, "Defendants"). *See generally* Complaint ("Compl."), ECF No. 2.  The Complaint alleges claims under 42 U.S.C. § 1983 ("Section 1983") for "deprivation, discrimination, retaliation, hate and verbal, physical, and sexual harassment," "breach of contract," and the "loss and damage of [Plaintiff's] property." *See* Compl. ¶ 1.[1]

        Also on March 15, 2022, Plaintiff moved for leave to proceed *in forma pauperis*.  *See* ECF No. 1.  On March 22, 2022, by Order of Chief United States District Judge Laura Taylor Swain of the United States District Court for the Southern District of New York, this action was transferred to the United States District Court for the Eastern District of New York.  *See* Transfer

---

[1] Plaintiff describes his action as "a civil action authorized by 42 U.S.C. section 1983," *see* Compl. ¶ 1, and alleges that Defendants violated his Constitutional rights, *see generally* Compl.  Although the Complaint alleges that Plaintiff was denied "interaction with the person who hires and interviews people" when Plaintiff applied for a case manager position at Exodus, alleges that individuals less qualified than Plaintiff were hired to work at Exodus, and references the "Equal Opportunity Act," *see* Compl. ¶¶ 19-20, Plaintiff does not appear to bring an employment discrimination claim.  As set forth more fully below, Plaintiff is afforded the opportunity to file an Amended Complaint.  Should Plaintiff choose to do so, such Amended Complaint must clearly specify the legal claims that Plaintiff intends to assert.

Order, ECF No. 3.

Pending before the Court is Plaintiff's Motion for Leave to proceed *in forma pauperis*. *See* ECF No. 1.  After reviewing Plaintiff's Motion and Complaint, the Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set forth below, dismisses the Complaint in its entirety but grants Plaintiff leave to file an Amended Complaint **by October 20, 2022**.

## BACKGROUND

Plaintiff's claims arise from his 2021 residency at the Fairfield Hotel in Long Island City, New York, which Plaintiff alleges is operated by Exodus.  Plaintiff alleges that Defendants violated his Constitutional rights through conduct ranging from sexual abuse and verbal and physical harassment to the denial of basic services, including failure to return his laundry. Plaintiff alleges that Defendants violated Plaintiff's First, Fifth, and Eighth Amendment rights. *See generally* Compl.

Plaintiff alleges that Defendants "used excessive force against" him by forcing him to abide by rules and by "verbally and physically harassing" Plaintiff, thereby violating Plaintiff's Eighth Amendment rights.  *See* Compl. ¶ 50.  Plaintiff further alleges that Defendants violated the Eighth Amendment by "failing to correct" and "encouraging" misconduct, which included "sexual abuse and cruel treatment," *see* Compl. ¶ 51, by making verbal and physical threats and retaliating against him, *see* Compl. ¶ 54, and by denying him "basic necessities," as well as losing and damaging his property, *see* Compl. ¶ 54.  Plaintiff alleges that Defendants violated his First Amendment rights by threatening Plaintiff with physical violence, verbally and sexually harassing him, and retaliating against him.  *See* Compl. ¶ 52.  Plaintiff alleges that Defendants violated his Fifth Amendment rights by "purposely bringing [his] laundry back with missing

2

clothing and with no compensation," by "excessively searching" his room, and by taking his property.  *See* Compl. ¶ 53.

Plaintiff seeks, *inter alia*, a declaration that Defendants' acts and omissions violate his rights under the Constitution, an injunction requiring that Plaintiff be reinstated as a resident at the Fairfield Hotel,[2] and compensatory and punitive damages.  *See* Compl. ¶¶ 56-59.

## STANDARD OF REVIEW

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g., Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").  Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true."  *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir.

---

[2]  Plaintiff alleges that he was released as a resident, "with no prior notification."  *See* Compl. ¶ 44.

3

2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

## DISCUSSION

### I.  Plaintiff's Section 1983 Claims

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[3]  To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted).

In certain limited circumstances, private individuals and entities can be considered to be acting under color of state law in the context of Section 1983.  *See Reaves v. Dep't of Veterans Affs.*, No. 08-CV-01624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009), *as corrected* (Jan. 14, 2009).  Here, however, Plaintiff has, *inter alia*, failed to sufficiently allege facts that would support the conclusion that Defendants were acting under color of state law.  Plaintiff has not

---

[3] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

plausibly alleged that Defendants' actions are "fairly attributable" to the state. *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) (discussing the tests courts use to identify state actions and state actors in the Section 1983 context and concluding that "[t]he fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state" (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))); *see also Reaves*, 2009 WL 35074, at *3 (noting that the provision of housing services "by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors"); *Joseph v. Row Hotel*, No. 21-CV-01691, 2021 WL 2400948, at *3 (E.D.N.Y. June 11, 2021) (collecting cases dismissing Section 1983 claims against private organizations that provide housing services); *Megginson v. Bridge, Inc.*, No. 21-CV-09626, 2021 WL 6064409, at *2 (S.D.N.Y. Dec. 22, 2021) (explaining that "[d]istrict courts have consistently declined to find" that the provision of "voluntary supportive housing" constitutes state action, and collecting cases).

Further, a plaintiff asserting a claim under Section 1983 must allege the direct or personal involvement of each of the defendants in the alleged constitutional deprivation. *See Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014); *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Here, the allegations in the Complaint are insufficient in this regard. *See generally* Compl.

Plaintiff's Section 1983 claims, as alleged in the Complaint, cannot stand. The Complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

---

[4] It is not clear from the Complaint whether Plaintiff purports to bring any state law claims. *See, e.g.*, Compl. ¶¶ 17, 22 (alleging that Defendants breached their contract with Plaintiff). To the extent that he does, the Court declines to exercise supplemental jurisdiction over such claims at this juncture. Title 28, United States Code, Section 1367(a) provides, as relevant here, that "in

5

## II.    Leave to Amend

The Court grants Plaintiff leave to file an Amended Complaint **by October 20, 2022**. *See, e.g.*, *Banks v. Schumer*, No. 15-CV-01078, 2015 WL 1928795, at *1 (E.D.N.Y. Apr. 28, 2015) ("[A] *pro se* complaint should not be dismissed without granting the plaintiff leave to amend 'at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999))). To the extent that Plaintiff files an Amended Complaint alleging Section 1983 claims, such Amended Complaint must contain, at a minimum, sufficient facts to permit any defendants named therein to understand which federal rights Plaintiff claims to have been deprived of, how, and by whom, and must sufficiently allege action *under color of state law*. Plaintiff is advised that any Amended Complaint will replace entirely the current Complaint. Thus, any fact included in the current Complaint that Plaintiff seeks to have the Court consider when reviewing the Amended Complaint must also be contained in the Amended Complaint. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as

---

any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts may, however, decline to exercise supplemental jurisdiction over such other claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise' supplemental jurisdiction." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Such is the case here: with all federal law claims dismissed at this early stage of the action, principles of judicial economy and comity counsel heavily in favor of declining to retain jurisdiction over any purported state law claims. *See, e.g.*, *Wilkins v. Willner*, No. 22-CV-02215, 2022 WL 1004191, at *4 (S.D.N.Y. Apr. 4, 2022).

this Order: 22-CV-01734.

## CONCLUSION

Plaintiff's Motion for Leave to proceed *in forma pauperis*, ECF No. 1, is granted.

For the reasons set forth above, the Complaint, ECF No. 2, is dismissed in its entirety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an Amended Complaint by **October 20, 2022**. If Plaintiff fails to file an Amended Complaint by **October 20, 2022** or files one that does not comply with this Order, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail to Plaintiff: (1) a civil rights complaint form; and (2) a copy of this Order.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: September 20, 2022
Brooklyn, New York